J-S73031-14
J-S73032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.S. & B.J.S., | : | IN THE SUPERIOR COURT OF |
| Minors, | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.S., Mother, | : | No. 1288 MDA 2014 |

Appeal from the Order entered on June 30, 2014
in the Court of Common Pleas of Lancaster County,
Juvenile Division, No(s): CP-36-DP-0000095-2012;
CP-36-CP-0000196-2012

| | | |
|---|---|---|
| IN THE INTEREST OF: M.S. & B.J.S., | : | IN THE SUPERIOR COURT OF |
| Minors, | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: R.S., Father, | : | No. 1289 MDA 2014 |

Appeal from the Order entered on June 30, 2014
in the Court of Common Pleas of Lancaster County,
Juvenile Division, No(s): CP-36-DP-0000095-2012;
CP-36-CP-0000196-2012

BEFORE: BOWES, WECHT and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.:          **FILED FEBRUARY 19, 2015**

These consolidated appeals are before us after remand to the trial

court. ***See In the Interest of J.R., a Minor, M.S., a Minor, and B.J.S., a***

***Minor***, 93 A.3d 506 (Pa. Super. 2013) (unpublished memorandum). We

remand for further proceedings.

On two separate occasions, both J.S. ("Mother") and R.S. ("Father")

physically abused a child, who is not a subject of the instant appeals. The

prior panel in this case affirmed the trial court's Order adjudicating the

abused child, as well as her two minor half-siblings, M.S. and B.J.S. (hereinafter "the subject children"), as dependent. *Id.* at 7-10. However, the panel vacated the trial court's Orders finding that aggravated circumstances existed upon which to cease reunification services. *Id.* at 10-14. The panel remanded the matter for a determination as to whether reunification between the subject children and Mother and Father is necessary or appropriate. *Id.* at 14.

Following hearings on the remanded issue and a permanency review hearing, the trial court entered Dispositional Orders on June 30, 2014, approving a plan that did not provide for reunification, and maintaining the goal for the subject children as adoption. Mother and Father timely filed separate Notices of Appeal from the Dispositional Orders. Mother and Father argue that the trial court erred in refusing to order a permanency plan for reunification. Mother also argues that the trial court erred in finding that she abused the subject children.

Importantly, in its Pa.R.A.P. 1925(a) Opinion, the trial court did not cite to, or provide an analysis of, the factors under section 6351(f) and (f.1) of the Juvenile Act, which a trial court *must* consider at a permanency review hearing. *See* 42 Pa.C.S.A. § 6351(f) (providing that "[a]t each permanency hearing, a court *shall* determine all of the [enumerated factors in subsection (f)] ...." (emphasis added)); *id.* § 6351(f.1) (listing the alternatives available to the juvenile court for the permanent placement of a

dependent child); *see also In re R.J.T.*, 9 A.3d 1179, 1186, 1187 n.10 (Pa. 2010) (setting forth the factors and observing that a trial court is obligated to consider them at a permanency review hearing); *see also id.* at 1198 (Orie Melvin, J., dissenting) (opining that "[n]owhere in its opinion did the trial court either acknowledge its duty pursuant to 42 Pa.C.S.A. § 6351(f) … nor did it explain its evaluation of the considerations enumerated therein. The Superior Court was responsible for ensuring that the record represented a comprehensive inquiry, and that the trial court applied appropriate legal principles.").

We hereby order that the case be remanded for the trial court to set forth its consideration of the evidence concerning the factors in 42 Pa.C.S.A. § 6351(f) and (f.1), in an opinion to be filed with this Court within sixty days of the filing of this Order. Panel jurisdiction retained.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015

- 3 -